IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY S. HALL and MADELINE M. )
HALL, a Minor Child, by and through her )
Father and Next Friend, ANTHONY S. HALL, )
)
    Plaintiffs, )
) Case No. 07-350-WDS-DGW
    v. )
)
HOME DEPOT USA, INC. et al, )
)
)
    Defendants. )
)

**REPORT AND RECOMMENDATION**

Pending before this Court is a Motion to Compel Discovery and Motion for Sanctions[1] (Doc. 12) filed by Defendant Home Depot USA, Inc., individually and d/b/a Home Depot. For the reasons discussed below, Defendant's Motion to Compel **IS GRANTED IN PART AND DENIED IN PART**. The Court further **RECOMMENDS** that Defendant's Motion for Sanctions **BE DENIED.**

**Relevant Procedural History**

This case arises out of Plaintiffs Anthony (Plaintiff Anthony) and Madeline Hall's (Plaintiff Madeline) allegations that, on October 17, 2004, they were seriously injured when Plaintiff Anthony stepped and fell into a pothole allegedly located on Home

---

[1] The actual title of Home Depot's Motion is "Motions Under FRCP 26 (c) and 37(c)."

1

Depot's parking lot (*See Complaint* at Doc. 2-2).[2]  Both Plaintiffs contend that as a result of the fall, they sustained both physical and mental injuries.  *Id.*

This lawsuit followed approximately two years later.  In October of 2006, Plaintiffs initiated this negligence action against Home Depot in Illinois State Court.[3]  Home Depot removed this case to this Court, and the Court subsequently entered a scheduling order that required the parties to complete discovery by July 9, 2008, required Plaintiffs to disclose their expert witnesses and written reports by April 9, 2008, and required Home Depot to depose Plaintiffs' experts by May 9, 2008 (Doc. 7).  The scheduling order did not give the parties a deadline to serve their initial disclosures; therefore, the parties were required to provide their respective disclosures by November 22, 2007, which was fourteen days after the parties held their Rule 26(f) conference. *See* Fed.R.Civ.P.26(a)(1)(C); *see* Doc. 7.  Plaintiffs had not yet provided Home Depot with their initial disclosures at the time Home Depot filed its motion.

The parties began discovery before the case was removed.[4]  Specifically, Home Depot served interrogatories on Plaintiff Anthony, some of which Home Depot claims are relevant here.  First, Home Depot asked Plaintiff Anthony to "generally describe the personal injuries" he sustained as a result of his fall (Def. Memo. at Ex. A, Interrog. 4).  Plaintiff Anthony answered by identifying one doctor and five hospitals/medical

---

[2] While not particularly relevant for the purposes of this motion, the record is unclear as to *how* Plaintiff Madeline was allegedly injured.  The Complaint alleges that both she and her father, Plaintiff Anthony, stepped into a pothole; however, Home Depot's memorandum states that Plaintiff Anthony was actually carrying Plaintiff Madeline when he fell (Doc. 13).

[3] Plaintiffs filed their Complaint in the Twentieth Judicial Circuit in St. Clair County, Illinois.

[4] Federal Rule of Civil Procedure 26(d) prohibits parties from engaging in discovery before the parties have met and conferred as required by Rule26(f), except in proceedings exempted from initial disclosures under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.  The parties held their initial conference pursuant to Federal Rule of Civil Procedure 26(f) on November 8, 2007 (Doc. 7).  Defendant, however, stated that it served discovery on Plaintiffs before it removed the case to this Court (Def.'s Memo. at p. 2).

facilities[5] that treated him for his injuries, and by also providing Home Depot with medical authorizations so that Home Depot could obtain Plaintiff's medical records from these entities. Second, Home Depot asked Plaintiff Anthony to provide specific information as to any witness who will offer any *opinion* (emphasis added) testimony at trial (Def. Memo. at Exh. A, Interrog. 10). Plaintiff Anthony's answer stated "[a]ll medical providers identified in discovery may offer opinions consistent with their medical records. Plaintiff will supplement as necessary pursuant to case management order." Third, Defendant Home Depot asked Plaintiff Anthony to state "the name and address of every witness who will testify at trial, together with the subject of their testimony" (Def. Memo. at Exh. A, Interrog. 17). Plaintiff responded by listing four witnesses, none of which appeared to be doctors or other witnesses who would ordinarily provide medical-related testimony.

Approximately one year later, Plaintiff Anthony Hall served his expert disclosures by the April 9, 2008, deadline. In these disclosures, however, Plaintiff Anthony not only identified the six medical doctor/facilities that he disclosed in his interrogatory answers, but he also identified eleven additional witnesses, who would potentially provide "expert testimony" about Plaintiff Anthony's injuries. Plaintiff Anthony did not provide Home Depot with any expert reports when he identified these witnesses. Moreover, this was the first time Plaintiffs informed Home Depot about some of these witnesses, because Plaintiffs did not supplement their interrogatory responses and did not provide any initial disclosures.

Plaintiff's decision to not include any expert reports along with his disclosures is the event that caused this discovery dispute. The parties spoke to each other but held

---

[5] USAF Medical Center, Saint Louis University Hospital, St. Elizabeth's Hospital, Heart to Sole, Adam LaBore, M.D., and Life Skills.

opposite views about whether Federal Rule of Civil Procedure 26(a)(2) required Plaintiffs to submit expert reports. Faced with an upcoming deadline to depose Plaintiff's experts, who included, at a minimum[6], eleven additional medical witnesses that Plaintiff Anthony did not previously disclose, Home Depot asked this Court to resolve this issue.

The parties presented their positions to the Court during a telephonic hearing. Plaintiff Anthony, through counsel, stated that the witnesses he identified in his expert disclosures were all treating physicians. He therefore asserted he did not have to file expert reports to accompany those disclosures. As expected, Home Depot took the opposite position, contending the Federal Rules of Civil Procedure require treating physicians to submit written reports, particularly when the treating physician's testimony will consist of his or her opinions about the *cause* of Plaintiff's injuries. Home Depot additionally claimed that by failing to provide these reports, by failing to supplement his interrogatory response, and by failing to submit any initial disclosures, Plaintiff unduly prejudiced Home Depot's case because Home Depot, in a relatively short amount of time, would have to bear the burden and expense to determine what these treating physicians proposed to testify about at trial.

After the hearing, Home Depot filed its motion reiterating its arguments and now moves this Court to:

- order Plaintiffs to supplement their Rule 26(a)(2) disclosures with each doctor they intend to call at trial, and, include each doctor's qualifications and expertise, the doctor's specific and complete opinions, including the specific basis for those opinions, and the reports or other documentation relied upon by the doctor in rendering said opinions;

- order Plaintiffs to limit the doctors' testimony so as to avoid repetitive, redundant and/or cumulative evidence concerning their opinions;

---

[6] Plaintiff Anthony states, in one of his responses, that "various doctors for Madeline and Anthony" who are employed by USAF Medical Center may serve as expert witnesses. The Court is unclear about how many doctors Plaintiffs plan to use as experts from USAF.

- enter a sanction against Plaintiffs which prohibits them from presenting any testimony regarding any opinions of causation, prognosis and/or future disability, because Plaintiffs failed to provide any expert reports when they served their expert disclosures;

- reset the Court deadlines for the depositions of Plaintiff's Rule 26(a)(2) witnesses to 60 days after the ordered supplementation, and the Defendant's Rule 26(a)(2)(B) witnesses to 30 days thereafter.

Alternatively, Home Depot specifically requests this Court to order Plaintiff to specifically identify the medical professionals who will testify about causation, prognosis, and/or future disability, and, disclose the opinions of each doctor relative to the same.

The Court will discuss each of these issues below.

**A. The Requirement of an Expert Report from Plaintiffs' Treating Physicians**

Home Depot petitions this Court to bar Plaintiffs "from presenting any testimony regarding any opinions of causation, prognosis and/or future disability, because of the Plaintiff failing to disclose same by the requisite deadline." In short, Home Depot wants this Court to enter a sanction, pursuant to Federal Rule of Civil Procedure 37(c)[7], that prevents Plaintiff's treating physicians from testifying about causation because they did not submit expert reports. Thus, the initial question before this Court is whether Federal Rule of Civil Procedure 26(a)(2)(B) requires Plaintiffs' treating physicians to provide expert reports.

Federal Rule of Civil Procedure 26(a)(2)(A) requires parties to disclose the "identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, 705." Fed. R. Civ. P. 26(a)(2)(A). The Rule additionally mandates

---

[7] Federal Rule of Civil Procedure 37(c) provides, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.

parties to submit written reports along with these disclosures "*if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.*" Fed. R. Civ. P. 26(a)(2)(B) (emphasis added). As required, Plaintiffs provided Defendant with the identities of the seventeen treating physicians she may call as expert witnesses by the court's April 9, 2008, deadline. *See Musser v. Gentiva Health Serv.*, 356 F.3d 751, 756, 757 n.2 (7th Cir. 2004) (noting "all witnesses who are to give expert testimony under the Federal Rules of Evidence must be disclosed under Rule 26(a)(2)(A) . . . and [t]reating physicians provide "expert testimony if the testimony consist of opinions based on scientific, technical, or other specialized knowledge" regardless of whether those opinions were formed during the scope of interaction with a party prior to litigation.") During the hearing concerning this issue, Plaintiff's counsel stated she did not ask the treating physicians she disclosed to prepare any reports because the Federal Rules of Civil Procedure do not require them to do so.

Whether treating physicians must provide an expert report is a disputed issue. *Musser*, 356 F.3d at 758 n 2. The significant question, however, is whether the disclosed treating physicians are retained. *See McLoughlan v. City of Springfield*, 208 F.R.D. 236, 241 (C.D. Ill. 2002) (*citing Sircher v. City of Chicago*, 1999 WL 569568, *2 (N.D. Ill. Jul. 28, 1999) (noting "the question, in reality, is: "whether the witness whose opinion is sought to be elicited is someone from whom a report is required under Fed.R.Civ.P. ('Rule") 26(a)(2)(B) – and that requirement is defined in terms of a 'witness who is retained or specially employed to provide expert testimony in the case.") *Zurba v. United States of America*, 202 F.R.D. 590, 591 (N.D. Ill. 2001) (noting "[t]he requirement of a written report in Rule 26(a)(2) applies only to experts retained or

specially employed to provide such testimony."); *Denson v. Northeast Illinois Regional Commuter Railroad Corp.*, 2003 WL 1732984, *1 (N.D. Ill Mar. 31, 2003).

District courts delve into the substance of the treating physician's expected testimony when deciding whether a treating physician is retained. Some courts, for example, classify treating physicians as retained witnesses, and therefore require them to submit expert reports, whenever their testimony is expected to include *any* opinions on issues such as causation, prognosis, and permanency. *Sowell v. Burlington Northern and Santa Fe Railway Co.*, 2004 WL 2812090, *3 (N.D. Ill. Dec. 7, 2004); *Krischel v. Hennessy*, 533 F.Supp.2d 790, 795-796 (N.D. Ill. 2008); *Griffith v. Northeast Illinois Regional Commuter Railroad Corp.*, 233 F.R.D. 513, 516-517 (N.D. Ill. Feb. 16, 2006). This Court and other courts within this circuit disagree with that position and state that treating physicians can, and often do, develop an opinion about the cause of a patient's injuries during the course of their examination and treatment. *See McCloughhan*, 208 F.R.D. at 242 (emphasis added) (noting "doctors do not operate in a vacuum. In order to properly treat and diagnoses a patient, the doctor needs to know, establish, or reach a conclusion regarding the *cause* of the patient's injury."); *Zurba v.United States of America,* 202 F.R.D. 590, 592 (N.D. Ill. 2001) (noting "[t]he fact that a treating doctor proposes to give an opinion regarding the causation and permanency of his patient's injury does not by itself make him a "retained" expert . . . it is common for a treating physician to consider his patient's prognosis as well as the cause of the patient's injuries."); *Osterhouse v. Grover*, 2006 WL 138841, *3 (S.D. Ill. May 17, 2006) (holding that the "doctors' testimony regarding causation and/or prognoses . . . do not elevate these doctors to specially employed. It is not unheard of for a doctor, during the course of treatment, to elicit information and form an opinion about the processes of an injury").

This Court still agrees with the latter position, which is the majority rule. *McCloughhan*, 208 F.R.D. at 242. Testimony about causation, in and of itself, is not the decisive factor. *See Zurba*, 202 F.R.D. 590, 592 (N.D. Ill. 2001) (emphasis added) (rejecting argument that "*anything* [the doctor] might say about causation and permanency is necessarily outside the scope of his treatment of the plaintiff"). The test is whether the treating physicians' expected testimony about causation, goes beyond medical records, testing, [and] examinations that were performed during the treatment of a plaintiff. In other words, does the physician's proposed testimony extend beyond the *facts made known to him during the course of the care and treatment of the patient? Crespo v. City of Chicago,* 1997 537343, *3 (N.D. Ill. Aug. 27, 1997) (holding "treating physicians may testify as to their personal knowledge of the patient. This may include "opinion[s] as to the cause of an injury based upon their examination of the patient or to the degree of injury in the future. These opinions are a necessary part of the treatment of the patient")

The Court therefore will not recommend an entry of sanctions against Plaintiffs. The witnesses Plaintiffs disclosed as experts are treating physicians who may testify about Plaintiff Anthony's injuries. According to Plaintiffs' own interrogatory responses, the "opinions" of these witnesses will be consistent with their medical records (Def. Memo, Exh. A, Interrog. 10). These experts are therefore not "retained" for the purposes of a lawsuit. In fact, they are only considered experts because of their involvement in the facts of the case. *Musser,* 356 F.3d at 757. Consequently, Federal Rule 26(a)(2)(B) does not require expert reports from Plaintiffs' treating physicians.

This Court further notes that the Trial Court will ultimately decide whether and to what extent these witnesses will testify. This Court only holds that under these

circumstances, Plaintiffs were not required to submit expert reports. Consequently, sanctions are not appropriate and the Court **RECOMMENDS** that Defendant's motion for sanctions is **DENIED.**

### B. Home Depot's Request for Alternative Relief[8] and Motion to Limit Physicians' Testimony

Although Plaintiffs were not required to provide expert reports for Plaintiff Anthony Hall's seventeen treating physicians, this Court agrees with Home Depot that Plaintiffs' failure to provide Defendant with any initial disclosures and Plaintiffs' failure to supplement their interrogatory answers prejudiced Home Depot's ability to properly defend its case.

As noted above, Plaintiffs timely served their expert disclosures on April 9, 2008. This date, however, should not have been the first time Plaintiffs identified these witnesses to Plaintiff. Federal Rule of Civil Procedure 26(a)(1) requires parties, when they make their initial disclosures, to "provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information along with the subjects of that information – that the disclosing party may use to support its claims or defenses . . . ." Fed.R.Civ.P. 26(a)(1) (emphasis added). This rule requires parties to disclose all witnesses and documents they intend to use "if the need arises," regardless of whether the party intends to use them at a "pretrial conference, to support a motion, or at trial. Fed. R. Civ. P. 26 Advisory Committee Note (2000). A party must therefore notify its opponent about any *known* witnesses at the time they make their initial disclosures despite the fact that these witnesses may be disclosed as "experts later." As another district court within the Seventh Circuit aptly noted:

---

[8] Home Depot moved for alternative relief based on Federal Rule of Civil Procedure 26(c). The Court declines to treat this as a motion for a protective order and will instead treat Defendant's request for alternative relief as a Motion to Compel Discovery of Plaintiffs' Initial Disclosures and Incomplete Interrogatory Answers.

> Rule 26(a)(2)(B) provides additional requirements for an expert retained to provide specific expert testimony. However, the disclosure requirements of Rule 26(a)(2)(B) only *supplement* the requirements of Rule 26(a)(1). Specifically, Rule 26(a)(2) states that "*in addition to the disclosures required by paragraph (1)*, a party shall disclose [the relevant information for an expert.]

*Deere & Co. v. Ohio Gear*, 2007 WL 178297 (C.D. Ill. Jan. 19, 2007) (alteration and emphasis in original) (rejecting a party's argument that *only* Federal Rule of Civil Procedure 26(a)(2) governs expert disclosures); *see also Dereak v. Don Mattox Trucking, LLC,* 2007 WL 3231417, *3 (C.D. Ill. Oct. 30, 2007) (noting "[a]ll witnesses must be disclosed in the Initial Disclosures). Thus, in November of 2007, Plaintiffs should have disclosed any known witnesses - including expert witnesses – if they intended to use those witnesses to support their claims.[9]

Plaintiffs also failed to supplement their interrogatory responses as required by Federal Rule of Civil Procedure 26(e)(1)(A). During Plaintiff Anthony's deposition, Home Depot's counsel learned for the first time about doctors about who had treated Plaintiff Anthony Hall for back pain he claims to experience as a result of the accident. In addition, Defendants first learned about some of Plaintiff's expert witnesses one month before the deadline to depose them was set to expire. By the time Plaintiffs submitted the identities of the 11 additional treating physicians, there were three months left in discovery and Defendant had one month to depose all of Plaintiff's experts. This action placed Home Depot at a disadvantage. Plaintiffs actions in this case are simply inconsistent with the "general purpose of discovery in Federal Courts: that evidence is readily exchanged in order to avoid so-called trial by ambush." *Osterhouse v. Grover*, 2006 WL 1388841, *3 (S.D. Ill. May 17, 2006).

---

8 This Court reminds Plaintiffs that failing to serve their Initial Disclosures calls for mandatory sanctions. Fed. R. Civ. P. 37 (c) (1). Although the Court declines to recommend sanctions at this time, this Court expects Plaintiffs to serve their Initial Disclosures.

This Court is similarly not persuaded by Plaintiffs' suggestion that this Court, in making its decision, should keep in mind that Home Depot knew about the bulk of Plaintiffs' treating physicians for months and did not seek to depose them. The record before the Court does not support that position. But even if it did, the Federal Rules of Civil Procedure do not permit this Court to excuse a party from complying with its rules simply because his opponent's litigation plan may be questionable.

Thus, Defendant's Motion to Compel is **GRANTED.** This Court orders Plaintiffs to serve their initial disclosures and supplement their answers to Home Depot's interrogatories 4 and 10 (absent any written reports) by December 22, 2008. Plaintiffs' supplement to interrogatory number 10 should include the alternative relief sought by Home Depot, specifically, the names of the medical professionals who Plaintiffs expect to testify about causation, prognosis, and/or future disability, and the conclusions/opinions of these doctors concerning these subjects. *See* Fed.R.Civ.P. 33(a)(2).

The Court further orders Plaintiffs to supplement their answer to Interrogatory number 17, which asks for the name and address of every witness who *will* testify at trial, together with the subject of their testimony, if Plaintiffs know that information at this time. Both parties will identify all witnesses they may call as trial witnesses when they make their pre-trial disclosures. Fed.R.Civ.P.26(a)(3). And "while there is no absolute prohibition on discovering the witnesses the opposing party intends to call at trial, the better and more widely adopted position is that it is inappropriate to expect counsel to provide this information until the pre-trial conference." *Kedzior v. Talman Home Fed. Savings & Loan Ass. Of Illinois,* 1990 WL 70855, *7 (N.D. Ill. May 10, 1990); *Ty, Inc. v. Publications Int'l LTD.,* 2004 WL 421984, *1 (N.D. Ill. Feb. 17, 2004).

The pre-trial conference is also the time when the trial Court will limit any redundant witnesses or testimony. Thus, Defendant's request for an order that limits Plaintiffs' treating physicians' testimony so as to avoid repetitive and cumulative evidence is premature and is consequently **DENIED.**

**C. Home Depot's Motion to Extend the Discovery Deadlines**

Defendant's request for an extension of time to conduct depositions of each parties' experts is **GRANTED.** The Court will enter an Amended Scheduling Order that resets these dates.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Defendant Home Depot's Motion for Sanctions **BE DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1, the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen, 380 F.3d 279, 284* (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

The Court further **ORDERS** Plaintiffs to supplement their interrogatory responses and serve their initial disclosures, as Defendant's Motion to Compel/Motion for Alternative Relief is **GRANTED.** Defendant's Motion to Extend the Discovery Deadlines is **GRANTED.** The Court **DENIES WITHOUT PREJUDICE** Defendant's

motion to limit Plaintiffs' treating physician testimony to non-repetitive evidence.

**IT IS SO ORDERED.**

**DATED:   November 14, 2008**

**/s/Donald G. Wilkerson**
**DONALD G. WILKERSON**
**United States Magistrate Judge**