**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ANTHONY S. HALL and MADELINE M.** | ) | |
| **HALL, a Minor Child, by and through her** | ) | |
| **Father and Next Friend, ANTHONY S. HALL,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. 07-CV-350-WDS** |
| | ) | |
| **HOME DEPOT USA, INC., et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is plaintiff's motion to remand (Doc. 21), to which defendant has filed a response (Doc. 23).

## BACKGROUND

On October 16, 2006, plaintiff Madeline Hall, a minor child, by and through her father and next friend, Anthony S. Hall, and Anthony Hall individually, filed this negligence action in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois. Plaintiffs allege that defendant Home Depot failed to exercise ordinary care in maintaining the premises located at 1706 West Highway 50, O'Fallon, Illinois, 62269. Plaintiffs allege that they each fell into a hole on defendant's premises and, as a result, sustained serious physical injuries, for which they each seek damages "in excess of $50,000." On May 11, 2007, defendant removed this action based on diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Plaintiffs now seek remand, asserting that the amount in controversy does not exceed $75,000 and, therefore, that this Court lacks subject matter jurisdiction.

## ANALYSIS

Removal based on diversity jurisdiction is proper where "the matter in controversy exceeds the sum or value of $75,000…and is between…citizens of different States." 28 U.S.C. § 1332(a). "Where the jurisdiction is challenged as a factual matter, the party invoking jurisdiction has the burden of supporting the allegations of jurisdictional facts by competent proof." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). As the party seeking to invoke diversity jurisdiction, defendant bears the burden of demonstrating complete diversity between the parties and that the amount in controversy exceeds $75,000.

Home Depot is a citizen of "any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Here, both parties agree that plaintiffs are citizens of Illinois and that defendant is incorporated in Delaware and maintains its principal place of business in Georgia. Accordingly, the Court **FINDS** that defendant has met its burden of establishing complete diversity of citizenship between the parties.

Defendant must also show, to a reasonable probability, that the amount in controversy exceeds $75,000. Where plaintiff provides little information regarding how the amount of damages was ascertained, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). Defendant relies on the nature of the injuries alleged in the complaint, the amount of damages plaintiffs seek ($50,000), and plaintiffs' medical bills,[1] all of which indicate

---

[1]The complaint states that plaintiff Anthony Hall has sustained physical injuries to his left ankle, left foot, and left leg, as well as to his lower back, and has also endured extreme mental pain, suffering and anguish, including night terrors, as a result of this incident. He has further incurred expenses for hospital and medical treatment, including the cost of surgery for his ankle, for which the Department of Air Force is billing him $23,094.59, and has also sought treatment, including injections, physical therapy, and possible surgery, for two bulging disks in his lower back. Plaintiff Anthony Hall alleges that he has lost and will in the future lose wages and earnings. Finally, he is permanently disfigured and disabled and unable to attend to his normal daily activities as a result of defendant's

that the amount in controversy exceeds $75,000. Accordingly, the Court **FINDS** that defendant

has shown, to a reasonable probability, that the amount in controversy exceeds $75,000.

Only a "legal certainty" that the judgment would be less forecloses this Court's

jurisdiction. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005). Upon

removal, plaintiffs' attorney submitted an affidavit indicating plaintiffs' intention not to accept

an award above $75,000. The Supreme Court has stated that the district court is not deprived of

jurisdiction when "the plaintiff after removal, by stipulation, by affidavit, or by amendment of

his pleadings, reduces the claim below the requisite amount…" *St. Paul Mercury Indem. Co. v.*

*Red Cab Co.,* 303 U.S. 283, 292 (1938). Plaintiffs could have stipulated not to accept an award

in excess of $75,000 prior to removal in this case, but their failure to do so gives rise to the

inference that plaintiffs think their claim is worth more. *Workman v. United Parcel Service,*

*Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000). Plaintiffs' attempt to undermine diversity jurisdiction

by stipulating to a lesser award of damages after removal does not defeat this Court's

jurisdiction.

**CONCLUSION**

Accordingly, the Court **DENIES** plaintiffs' motion to remand (Doc. 21).

**IT IS SO ORDERED.**

**DATED: November 19, 2008**

**s/ WILLIAM D. STIEHL**
**District Judge**

---

negligence. The complaint seeks recovery of $50,000 for plaintiff Anthony Hall.

     The complaint also alleges that plaintiff Madeline Hall has sustained physical injuries, including injuries to her head, scalp, face, neck, and the remainder of her body, and plaintiff has endured mental pain, suffering, and anguish. She will incur expenses for hospitalization and treatment. In addition, she will lose future wages and will be permanently disfigured and disabled and unable to attend to her normal daily activities. The complaint seeks recovery of $50,000 for Madeleine Hall.